IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| CRC CONSTRUCTION CONSULTING, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) | |
| THE LAW COMPANY, INC., DEN ALF 1, LLC, LEGEND SENIOR PROPERTIES, LLC, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and CROSSFIRST BANK, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant The Law Company, Inc. ("Law Company"), by and through undersigned counsel, hereby removes to this Court the state court action filed in the District Court of Broomfield County, Colorado styled *CRC Construction Consulting, LLC v. The Law Company, Inc. et al.*, Case No. 2018-CV-30242 (the "Lawsuit"). The statutory basis for removal is pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446.

### BACKGROUND

1.      Law Company removes this case on the basis of diversity jurisdiction because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

2. The removed case is a civil action filed on August 10, 2018 in the District Court for Broomfield County, Colorado, entitled *CRC Construction Consulting, LLC v. The Law Company, Inc.*, *et al.*, Case No. 2018-CV-30242.

3. As required by 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and exhibits filed in the removed case are attached hereto and incorporated herein as **Exhibit A**.

4. This case is a dispute arising from a construction project. Plaintiff CRC Construction Consulting, LLC ("Plaintiff" or "CRC") served as a subcontractor to Law Company, the design builder, for the construction of the Legend at Broomfield, 12600-12640 Lowell Blvd., Broomfield, Colorado ("Project"). CRC has filed a claim for breach of contract against Law Company, asserting that it is owed $733,727.00 for labor and/or materials supplied pursuant to its subcontract (First Claim for Relief). CRC has also brought claims against Law Company and Law Company's surety, Defendant Travelers Casualty and Surety Company of America on a release of mechanic's lien bond and payment bond (Second and Sixth Claims for Relief); a claim for unjust enrichment against Law Company, and Defendants DEN ALF 1, LLC ("DEN ALF") and Legend Senior Properties, LLC ("Legend"), the owner and owner's agent involved in the construction (Third Claim for Relief); a claim for breach of implied contract/quantum meruit/labor and materials received against Law Company, DEN ALF, and Legend (Fourth Claim for Relief); a claim for faulty plans, drawings, and specifications against DEN ALF and Legend (Fifth Claim for Relief); and a statutory claim pursuant to C.R.S. § 38-22-126 against a construction funds disburser against Defendant CrossFirst Bank, Law Company's lender on the Project (Seventh Claim for Relief). *See* Complaint at ¶¶ 16-88.

## TIMELINESS OF REMOVAL

5. This Notice of Removal is timely in that it is filed within 30 days from the date Law Company received a copy of Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons...").

6. The Complaint was filed August 10, 2018, thirty days ago. The Complaint and Summons served on Law Company on or about August 28, 2018. This Notice of Removal is timely filed.

## DIVERSITY OF CITIZENSHIP

7. Complete diversity of citizenship exists in this matter, because Plaintiff is not a citizen of the same state as any Defendant.

8. Plaintiff states in its Complaint that it is a citizen of Oklahoma, *see* Complaint at ¶ 1, and after a duly diligent search of the public records available online through the Oklahoma Secretary of State's Office, no publically available information reflects that any of Plaintiffs' members are citizens of any state other than Oklahoma.

9. Law Company is a Kansas corporation with its principal place of business in Wichita, Kansas. It is therefore a citizen of Kansas. *See* 28 U.S.C. § 1332(c)(1).

10. As alleged in the Complaint, Defendant DEN ALF is a Kansas limited liability company, *see* Complaint at ¶ 3, and is therefore a citizen of Kansas. Upon information and belief, formed after inquiries to representatives of DEN ALF and a review of publicly available records, all members of DEN ALF are citizens of Kansas.

11.    As alleged in the Complaint, Defendant Legend is a Kansas limited liability company, *see* Complaint at ¶ 4, and is therefore a citizen of Kansas.  Upon information and belief, formed after inquiries to representatives of Legend and a review of publicly available records, all members of Legend are citizens of Kansas.

12.    As alleged in the Complaint, Defendant Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut, *see* Complaint at ¶ 5, and is therefore a citizen of Connecticut.  *See* 28 U.S.C. § 1332(c)(1).

13.    As alleged in the Complaint, Defendant CrossFirst Bank is a Kansas corporation with its principal place of business in Leawood or Wichita, Kansas, *see* Complaint at ¶ 6, and is therefore a citizen of Kansas.  *See* 28 U.S.C. § 1332(c)(1).

## **AMOUNT OF CONTROVERSY**[1]

14.    Plaintiff asserts that the amount in controversy exceeds $75,000.  *See* Complaint at ¶ 18; District Court Civil Case Cover Sheet.

15.    Specifically, Plaintiff's Complaint is premised on its contention that it is owed $733,727.00 pursuant to its subcontract with Law Company, which it also seeks from other defendants under various theories of recovery.  *See* Complaint at ¶ 18.

16.    Accordingly, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

17.    In the event that the Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Law Company respectfully requests the opportunity to submit such additional argument or evidence in support of removal and the amount in controversy as may be

---

[1] Defendant denies any and all liability to Plaintiff, and denies that Plaintiff suffered any damages. Discussion of potential damages is made solely for the purposes of establishing the amount in controversy.

necessary. Also, Law Company requests the right, after removal and any venue related motion, to conduct early discovery into the state of residence of Plaintiffs members to confirm its belief that all members were Oklahoma residents at the time the Complaint was filed.

## UNANIMOUS CONSENT OF DEFENDANTS

18. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served consent to the removal of this action. Signed notices of consent to removal by each defendant are also attached hereto as **Exhibit B.**

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

19. Removal is properly made to the United States District Court for the District of Colorado under 28 U.S.C. § 1441(a) because Broomfield County, Colorado, where this action is currently pending, sits within the District of Colorado. *See* 28 U.S.C. § 85.

20. A summons and complaint, have been served upon Law Company on August 28, 2018. *See* 28 U.S.C. § 1446(a).

21. Defendant will give written notice of the filing of this Notice of Removal to Plaintiff, and a Notice of Filing of Notice of Removal is being filed with the Clerk of the District Court for Broomfield County, Colorado, from which this action is removed, as required by 28 U.S.C. § 1446(d).

22. Based upon the foregoing, this Court has jurisdiction over this matter, and the claims properly are removed to this Court.

23. In removing this matter to this Court, Law Company does not intend to waive any right to insist upon a mandatory venue selection clause, or assert any defenses it might have including, but not limited to, improper manner of service, personal jurisdiction, and/or subject matter jurisdiction by way of motion to dismiss.

CORE/0801982.0019/142143691.1

**WHEREFORE**, by this Notice of Removal, Defendant Law Company, Inc. hereby removes this action from the District Court for Broomfield County, Colorado to the United States District Court for the District of Colorado.

Dated: September 7, 2018

**STINSON LEONARD STREET LLP**

*s/ Daniel C. Wennogle*
Daniel C. Wennogle, No. 305711
6400 S. Fiddler's Green Circle, Suite 1900
Greenwood Village, CO 80111
Phone: 303-376-8400
Fax: 303-376-8439
daniel.wennogle@stinson.com

*Attorney for The Law Company, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 7, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and via electronic and first class U.S. Mail to the following:

Jerome M. Joseph
Vincent J. Wegher
Allen & Curry, P.C.
1125 Seventeenth Street, Suite 1275
Denver, CO 80202
jjoseph@allen-curry.com
vwegher@allen-curry.com
*Attorneys for CRC Construction Consulting, LLC*

*s/ Daniel C. Wennogle*

CORE/0801982.0019/142143691.1